UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| V. ) | CIVIL ACTION NO. DR-25-CV-00002 |
| ) | |
| $63,060.00, MORE OR LESS, IN UNITED ) | |
| STATES CURRENCY, ) | |
| ) | |
| Respondent. ) | |

## VERIFIED COMPLAINT FOR FORFEITURE

Comes now Petitioner United States of America, by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules Civil Procedure, and respectfully states as follows:

## I.
## NATURE OF THIS ACTION

This action is brought by the United States of America seeking forfeiture to the United States of the following property:

- **$63,060.00, More or Less, in United States Currency**,

hereinafter referred to as the Respondent Property.

## II.
## JURISDICTION AND VENUE

Under Title 28 U.S.C. § 1345, this Court has jurisdiction over an action commenced by the United States, and under Title 28 U.S.C. § 1355(a), jurisdiction over an action for forfeiture. This Court has *in rem* jurisdiction over the Respondent Property under Title 28 U.S.C. §§ 1355(b) and 1395. Venue is proper in this district pursuant to Title 28 U.S.C. § 1355(b)(1)(A) because the acts

or omissions giving rise to the forfeiture occurred in this district, and pursuant to Title 28 U.S.C. §§ 1355(b)(1)(B) and 1395(b) because the Respondent Property is found in this district.

### III.
### STATUTORY BASIS FOR FORFEITURE

This is a civil forfeiture action *in rem* brought against the Respondent Property for violations of Title 21 U.S.C. §§ 801, *et. seq.,* and subject to forfeiture to the United States of America pursuant to Title 21 U.S.C. § 881(a)(6), which states:

> **§ 881. Forfeitures**
> **(a)  Subject property**
> The following shall be subject to forfeiture to the United States and no property right shall exist in them:
> \*\*\*
>  **(6)**  All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

### IV.
### FACTS IN SUPPORT OF VIOLATIONS

On September 3, 2024, a white Penske moving truck, driven by Jessie Solis, (herein after referred to as Solis), approached the primary inspection lane at the Comstock Border Patrol Station located at 27685 Highway 90 West, Comstock, Texas, which is a common route used by individuals involved in human trafficking and the transportation of illegal narcotics.  An immigration inspection was performed by Border Patrol Agent (BPA) Michael Riemann. While the immigration inspection was being conducted on the truck, BPA canine handler Ricardo Hernandez notified that his canine had alerted to the truck. BPA Hernandez instructed BPA Riemann to direct the driver to the secondary inspection area.

In the secondary inspection area, the driver was interviewed and asked if he was in possession of any illegal narcotics or people that may be concealed inside the truck, which Solis denied. Solis was asked about the contents inside the cargo area of the truck and stated that he was transporting household goods. Solis gave consent to inspect the cargo area of the truck and unlocked the back-cargo area. BPA Hernandez and his canine performed an open-air sniff of the exterior of the truck. The canine alerted once more to the truck. Solis was asked once more if he was in possession of any narcotics or persons concealed in the truck. Solis admitted to having a "sack" of marijuana inside the truck. The marijuana was retrieved from a black backpack located on the floorboard of the front passenger seat. Solis and the marijuana were taken inside the Comstock Border Patrol Station for processing. While BPA Hernandez was conducting a search in the cargo area of the truck, a black box was located near the back of the truck. The box was opened and inspected and a pressure cooker was located inside. Upon opening the pressure cooker BPA Hernandez located 2 vacuum sealed bags containing a large amount of undetermined bulk U.S. Currency. The 2 vacuum sealed bags were aggregated to form $63,060.00 in U.S. Currency. Several other boxes were inspected with negative results. Border Patrol informed DEA Eagle Pass Ro Group D58 agents/officers that Solis had a bag of a green leafy substance, marijuana and the U.S. Currency, one of the vacuumed sealed bags contained a white bag with blue lettering (Capelle Miami) where the U.S. Currency was located in the vacuumed sealed bag. At Task Force Officer (TFO) Fuentes' request BPA Ricardo Garza's canine conducted an open-air sniff of the U.S. Currency. The canine alerted on the U.S. Currency.

TFO Daniel Fuentes advised Solis of his constitutional and statutory rights, as witnessed by TFO Brandon Vasquez, upon which Solis gave written and verbal consent to waive his rights to an attorney and freely and voluntarily agreed to speak with law enforcement. TFO Daniel

Fuentes, TFO Brandon Vasquez and TFA Jesus Martinez proceeded to interview Solis. During questioning, Solis stated that he is self employed as a mover for The Moving Muscle L.L.C. Solis stated that the U.S. Currency did not belong to him. Solis stated that he did not want to give the name of the person he was moving the household goods for until he spoke to the insurance company of The Moving Muscle L.L.C. Solis stated that after talking to the insurance company he would contact DEA to see if he could give the name of the owner of the U.S. Currency. The interview was terminated.

On September 4, 2024, Solis contacted TFA Martinez by phone and claimed interest/ownership of the U.S. Currency. Solis stated that he was scared and did not know if he should have claimed ownership the day of seizure until he spoke to the insurance company from The Moving Muscle L.L.C.

On October 23, 2024, Solis filed an administrative claim with the Drug Enforcement Administration (DEA) under the business name, The Moving Muscle, claiming ownership of the U.S. Currency that was seized. In his claim, Solis provided a completely different/new explanation for the source of the U.S. Currency. He stated that he owned a small moving business and that the U.S. Currency seized was his and his spouse's combined savings. He claimed that they intended to purchase a box truck with the U.S. Currency. He claimed that the day assets were seized he was moving a customer and planned to stop and look at a box truck he had seen available online. (See Exhibit A).

Given the totality of the circumstances outlined herein, the facts reasonably establish that the Respondent Property is illegal drug proceeds from violations of Title 21 U.S.C. § 801, et. seq. and is subject to forfeiture to the United States of America pursuant to Title 21 U.S.C. § 881(a)(6).

## V.
## **PRAYER**

WHEREFORE, Petitioner, United States of America, prays that due process issue to enforce the forfeiture of the Respondent Property, that due notice pursuant to Rule G(4) be given to all interested parties to appear and show cause why forfeiture should not be decreed,[1] and in accordance with Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Fed. R. Civ. P., that the Respondent Property be forfeited to the United States of America, that the Respondent Property be disposed of in accordance with the law and for any such further relief as this Honorable Court deems just and proper.

Respectfully submitted,

JAIME ESPARZA
United States Attorney

By: _____
ANTONIO FRANCO, JR.
Assistant United States Attorney
Asset Forfeiture Section
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
Tel: (210) 384-7040
Fax: (210) 384-7045
Texas Bar No. 00784077
Email: Antonio.Franco@usdoj.gov

Attorneys for the United States of America

---

[1] Appendix A, which is being filed along with this complaint, will be sent to those known to the United States to have an interest in the Respondent Property.

## VERIFICATION

Task Force Officer Brandon L. Vasquez, declares and says that:

1. I am a Task Force Officer with the Drug Enforcement Administration, assigned to the San Antonio District Office, and am the investigator responsible for the accuracy of the information provided in this litigation; and

2. I have read the above Verified Complaint for Forfeiture and know the contents thereof; that the information contained in the Verified Complaint for Forfeiture has been furnished by official government sources; and based on information and belief, the allegations contained in the Verified Complaint for Forfeiture are true.

Pursuant to Title 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the __17th__ day of January 2025.

_____
Brandon L. Vasquez, Task Force Officer
Drug Enforcement Administration
San Antonio District Office